UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
EDWIN MADDEN,                          :
                                       :        **MEMORANDUM & ORDER**
                    Petitioner,        :        01-CV-6188 (WFK)
                                       :
            v.                         :
                                       :
VICTOR HERBERT,                        :
                                       :
                    Respondent.        :
-----------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Edwin Madden ("Petitioner") brings this successive petition for a writ of habeas corpus pursuant
to 28 U.S.C. § 2254. Because this Court lacks subject-matter jurisdiction to hear this petition
under 28 U.S.C. § 2244, the petition is DISMISSED.

## BACKGROUND

On November 16, 1994, in Kings County, New York, Petitioner was convicted of murder
in the second degree, attempted murder in the second degree, and assault in the first degree
following a trial by jury. Indictment/Docket No. 2879/92 Kings County; *see also* Petition for
Writ of Habeas Corpus, ECF No. 1 at 1.

Petitioner filed his first § 2254 federal habeas petition in June of 1998 before the
Honorable Edward R. Korman. Petition for Writ of Habeas Corpus, *Madden v. Artuz*, No. 98-
4229 (E.D.N.Y. June 15, 1998). On November 2, 1998, an order was entered dismissing the
petition without prejudice to allow Petitioner to exhaust his claims in state court. Order
Dismissing Petition, No. 98-4229 (E.D.N.Y. Nov. 2, 1998) (Korman, J.).

On September 13, 2001, Petitioner renewed his habeas petition in this District. ECF No.
1. The case was assigned the instant docket number and, on April 29, 2003, reassigned to the
late Honorable Jack B. Weinstein. On July 11, 2003, Judge Weinstein entered an order granting
Petitioner's request for a stay to allow him to return to state court to exhaust the claims. ECF

No. 19.[1]  On July 23, 2003, Judge Weinstein dismissed the case as time barred.  ECF No. 18.  No

certificate of appealability was granted.  *Id.*  On July 31, 2003, judgment was entered dismissing

the petition.  ECF No. 20.  That same day, Judge Weinstein entered an order vacating the stay he

had ordered on July 31, 2003 at ECF No. 19.  Petitioner then filed an appeal with the Second

Circuit Court of Appeals, which was denied on May 18, 2004.  ECF No. 27.  In 2006, Petitioner

filed another motion with the Second Circuit Court of Appeals, this time requesting an order

authorizing the district court to consider a successive 28 U.S.C. § 2254 petition.  On September

28, 2006, the Second Circuit denied the motion, noting that Petitioner had failed to meet the

criteria set forth in 28 U.S.C. § 2244(b).  ECF No. 29.

    On February 8, 2021, Petitioner moved to reopen his case pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure.  ECF Nos. 30-31.  The case was subsequently reassigned to

this Court.  After Respondent failed to comply with two orders requiring a response to

Petitioner's motion to reopen, *see* ECF Nos. 33, 36, the Court granted Petitioner's motion to

reopen on August 13, 2021, ECF No. 37.  On February 16, 2024, in response to a Court order

directing the filing of a habeas application, Petitioner filed the instant application.  ECF No. 42.

    In this application, Petitioner requests an evidentiary hearing and the appointment of

counsel, pursuant to Rule 8 of the Federal Rules Governing § 2254 petitions.  *Id.* at 1.  He argues

that such relief is necessary to evaluate an alleged Brady violation.  *Id.* ¶ 17.  While Petitioner

seems to acknowledge that this is a successive petition, *id.* ¶ 19, he argues that relief is warranted

because the alleged Brady violation "could not have been previously discovered through the

exercise of due diligence because of the deprivation of Petitioner's Sixth and Fourteenth

Amendment right to effective assistance of counsel and a fair trial," *id.* ¶ 8.

---

[1] This order was not entered on the public docket until July 30, 2003.

**LEGAL STANDARD**

The Court's review of this petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, and the "gatekeeping provision" of that act, § 2244(b). *Banister v. Davis*, 140 S. Ct. 1698, 1700 (2020). "AEDPA imposes 'stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus.'" *Torres v. Senkowski*, 316 F.3d 147, 150 (2d Cir. 2003) (quoting *Adams v. United States,* 155 F.3d 582, 583 (2d Cir.1998) (per curiam)). While a state prisoner can always bring one federal habeas challenge to his conviction, successive applications will be dismissed unless the requirements laid out in 28 U.S.C. § 2244(b) are met. *Banister*, 140 S. Ct. at 1704; *Torres*, 316 F.3d at 150. Specifically, a successive petition should be dismissed unless it presents a new claim and "'the claim relies on a new rule of constitutional law, made retroactive … by the Supreme Court' or presents facts that 'could not have been discovered previously' and tend to show actual innocence." *Torres* 316 F.3d at 150 (quoting § 2244(b)(2)); § 2244(b)(1).

Further, under § 2244(b)(3), "a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements" before bringing a successive petition in a federal district court. *Banister,* 140 S. Ct. at 1704 (quoting § 2244(b)(3)(C)). Without authorization from the court of appeals, a district court lacks subject-matter jurisdiction to hear second or successive petitions. *Torres* 316 F.3d at 151-52. In such instances, a "district court *must* dismiss a second or successive petition, without awaiting any response from the government." *Id.* at 152 (quoting *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)) (emphasis in original).

**DISCUSSION**

**Petitioner's Successive Habeas Application**

Petitioner undoubtedly advances new claims in his successive habeas petition.[2]   However, because Petitioner did not receive authorization from the court of appeals for a successive application pursuant to § 2244(b)(3), this Court lacks subject-matter jurisdiction to hear the instant petition.[3]   *Torres* 316 F.3d at 151-52.   As such, this Court must dismiss the petition without awaiting a response from the Government.   *Id.*

**Petitioner's Rule 60(b) Motion**

This Court similarly lacks jurisdiction to consider the arguments raised in the 60(b) motion itself, ECF No. 30, and the affirmation attached thereto, ECF No. 31.   In *Gonzalez v. Crosby*, the Supreme Court explained that, where a habeas petitioner seeks "vindication of... a claim" in a 60(b) motion, that motion is properly treated as a successive habeas petition subject to the requirements of 28 U.S.C. § 2244.   545 U.S. 524, 531 (2005).   Only in circumstances in which the motion to reopen "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" does such a motion fall outside the bounds of § 2244.   *Id.* at 532.   When such an attack is made in a 60(b) filing, the motion is not considered a successive petition at all.   *Id.* at 532.

---

[2] In the September 13, 2001 habeas application filed with this Court, Petitioner alleged the following grounds for relief:   First, Petitioner alleged that he was denied his due process right to a fair trial when, during cross-examination summation, the Prosecution relied on a criminal case in which Petitioner was acquitted.   Original Petition, Addendum at 4, ECF No. 1.   Second, Petitioner alleged that he was denied effective assistance of appellate counsel when that counsel failed to raise a claim of ineffective assistance of trial counsel, who in turn had allegedly failed to safeguard Petitioner's right to confrontation.   *Id.* Third, Petitioner alleged that he was denied his right to a fair trial when the trial court admitted evidence of his identification in a line-up, which he argued, "considering the totality of the circumstances," was unreliable and "suggestive in nature."   *Id.* at 5.   Fourth, Petitioner alleged that he was denied his right to a speedy trial when, after requesting a speedy disposition pursuant to the Interstate Agreement Act, he was still required to wait thirteen months before his trial began.   *Id.* at 6.   Fifth, Petitioner alleged that he was denied his right to a fair trial when his counsel failed to present testimony of an alibi witness who could corroborate Petitioner's testimony that he was not present in the relevant area when the crime was committed.   *Id.* at 6-7.

[3] As noted previously, Petitioner did seek authorization from the court of appeals in 2006 before reassignment of the case, but the request was denied.   ECF No. 29.

The arguments Petitioner raises in connection with his 60(b) motion are largely the same as those raised in his most recent habeas application.[4] Because Petitioner does not challenge Judge Weinstein's determination that the 2001 petition was time-barred, and instead advances substantive claims related to prosecutorial misconduct and ineffective assistance of counsel in support of a request for an evidentiary hearing, *see* ECF No. 30 at 1; ECF No. 31 ¶¶ 44-47, the 60(b) motion is properly treated as a successive petition.[5] And, because Petitioner failed to meet the requirements of § 2244, this Court lacks jurisdiction to consider the arguments raised in that motion.

## CONCLUSION

The Petition is DISMISSED in its entirety for the foregoing reasons. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Petitioner to close this case.

SO ORDERED.

**s/ WFK**
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated:   February 26, 2024
         Brooklyn, New York

---

[4] *Compare* ECF No. 31, *with* ECF No. 42.

[5] Indeed, in Petitioner's instant habeas application, he describes his Rule 60(b) motion as follows: "Petitioner's Rule 60(b) motion does not seek to attack any federal court's previous resolution of his Brady claim on the merits, as there has been none. Plaintiff's Rule 60(b) motion seeks relief from the District Court's judgment on the basis that (i) the July 11, 2003 Stay Order has been satisfied via exhaustion of a federal claim and (ii) the existence of extraordinary circumstances that warrant such relief." ECF No. 42 ¶ 22.